District of Columbia

Edward Roy Newsome T.D.C #437698

VS

Attorney At Law
William Paul Mewis et. Al

Case: 1:16-mc-02532
Assigned To : Unassigned
Assign. Date : 12/15/2016
Description: Misc.

D.C. Case #_____
C.O.A. # 07-41179

Amended Motion For leave to File Writ of Mandamus
in leave to Proceed in Forma Pauperis without PrePayment of fees

To the Honorable Judge of said court :

The Relator Edward Roy Newsome Argue and offer into Evidence an objection Against the Court of Appeal 5th circuit dismissing Habeas Corpus Relief and For want of Prosecution was Abuse of discretion and Request For Permission to Appeal from an Judicial officer Against Motion to Transfer to the District of Columbia For disposition Related to Merits on All other claims see Pending case # 14-CV-309, Pending Writ of Certiorari in case # 15-8712 See Motion to File For A Stay, Motion to File For Reconsideration And Motion For Rehearing because Mandamus Relief is Available when the Relator has no other Adequate Legal Remedy of Law And Act I seeks to Compel is ministerial and Not discretionary in nature, As A limited means to test the district Courts discretion in issuing Transfer order see in Re Chesson 897 F. 2d. At 156, 159



- (1) -

and *Horseshoe Entm't*, 337 F.3d. 429, 432 (5th Cir. 2003) on Request For A Ruling on Motion to Transfer under 28 U.S.C.§ 1391 And 28 U.S.C.§ 1404(a) And its these standards that determine the issue Raised on Appeal in this case or cases. The *Pfizer standards* for determining the Propriety of A district court's Ruling on A Motion to Transfer, Ask did the district court Correctly construe And Apply the Relevant statute's, did the district court Consider the Relevant factors incident to Ruling Upon A Motion to Transfer And did the district court Abuse its discretion in deciding the Motion to Transfer. See *In Volkswagen A.G.* 371 F.3d. 201, 203 (5th Cir. 2004) (herein After *In Re Volkswagen I*). *Ex Parte Chas. Pfizer & Co.* 225 F.2d. 720, 723 (5th Cir. 1955). The *Pfizer standards* Requires A careful Review of the circumstances Presented to And the decision Making Process used by the district court See *In Re Horseshoe* 337 F.3d. At 432. The Preliminary Question under change of venue statute 28 U.S.C.§ 1404(a) is whether the Suit could be filed originally in the destination venue At Houston, Texas where I was wrongly convicted And denied A fair An Impartial Trial that Cause the Relator to be unlawfully And falsely imprisonment Against A State witness An Houston Police officer Perjury testimony then Ineffective Assistance of counsel And Prosecutorial Misconduct. Provisions § 1404(a) states that for the convenience of Parties and witnesses, in the interest of Justice. A district court May Transfer Any Civil Action to Any other district or Division where it might have been brought. When considering A § 1404(a) Motion to Transfer A district court should consider A number

— Douglas Corp. 647 F. 2d. 515, 517 (5th Cir. 1981). The last private interest factor to be considered is the relative ease of access to source of proof. The district court observed that all of the documents and physical evidence relating to the incident are located in Houston, Texas. The district court subpoena power for deposition under Fed. R. Civ. P. 45(C)(3)(A)(ii), and any trial subpoenas for these witnesses to travel more than 100 miles would be subject to Motion to Quash under Fed. R. Civ. P. 45(C)(3). The district court discounted its lack of absolute subpoena power based on its ability to deny a Motion to Quash and ultimately to compel the attendance of third party witnesses found in Texas, subject to reasonable compensation. The district court can deny any Motion to Quash does not address concerns regarding the convience of parties + witnesses. This rational simply asserts that a district court, at some burden to the parties will likely be to enforce an option that is inconvienient to witnesses. This factor, then, also weighs in favor of transfer. The district court abused its discretion by failing to order transfer of this case. The Petition For Mandamus should be granted and remanded with instructions that it be transferred to the Southern District Court of Houston Texas and Division. See In Re Chesson 897 F. 2d. at 156, 159 (5th Cir. 1990) See Motion For leave to file Writ of Mandamus and Prohibition, Mandamus is an extraordinary writ. The writ only court has exceeded its jurisdiction or has declined to exercise its, or when the trial court has clearly and indisputably abused its discretion as to control

Prompt intervention by the Appellate court see In Re First South Saving Association 820 F. 2d. 700 (5th Cir. 1987) And United States vs Crawford Enterprises 754 F. 2d. 1272 (5th Cir. 1985) See 28 U.S.C.¶1391 And 1332 28 U.S.C.¶1292, 28 U.S.C.¶1651(a), 28 U.S.C.¶1404(a) And 1406 Against violation of Civil Rights Act of 1964 ¶706(f) As Amended 42 U.S.C.A. ¶ 2000 e (5)(f)(3) would Also be Applicable in this case for want of Jurisdiction And Prosecution where Relevant employment Records Are maintained And Administered should be weighed by a district court in evaluating the interest of Justice Aspect of A Motion to Transfer venue for employment discrimination Action As such factor is expressly stated in the Special venue statute Applicable to such Action And in Rare And Special Circumstances, A factor of delay or Prejudice may be Relevant in deciding the Propriety of A Motion to Transfer venue, but only if such Circumstance Are established by Clear And convincing evidence on Request for emergency Relief And Release Back to the Trial court for A New Trial and further Proceeding.

11-14-2016
Date

Edward R. Newsome
Relator Signature

Fed. R. Civ. P. 5(d) Certificate of Service Fed. R. App. P. 25

Rule 2 Suspension of Rules

The Relator Edward R. Newsome verify the Statement made in this Amended Affidavit to File Motion for leave to file Writ of Mandamus in leave to Proceed Informa Pauperis without Prepayment of fees is true And Correct under the Penalty of Perjury see 28 U.S.C.¶1746 for Purpose of Mailbox Rule 4 (c)1, 2, 3, (1) for the Original And Copies of Records in Fed. R. App. P. 10(b), 4, 12 (a)(b)(c) And 45(b) for Service in Local Rule 4, 12 (a)(b)(c) for Benefits.

11-14-2016

Edward R. Newsome

District of Columbia

Re: Edward R. Newsome I.R.C #137698

D.C. Case #
C.O.A. # 07-41179

Amended Motion for leave to file Motion
to TRANSFER 28 U.S.C # 1332, 1391 And 1404
to the Honorable Judge of said Court:

Dear Clerk,

My Response to you is concerning information
that I am Requesting for want of Jurisdiction
and Prosecution Against violation of mandatory
Supervision Release and A Liberty interest from
false imprisonment in violation of my Civil Rights
Act of 1964 # 706(E) under 42 U.S.C.A. # 2000 e (5) H(3)
28 U.S.C # 1292 And 28 U.S.C # 1651 (a) on Request
for Reconsideration to Grant Motion to Transfer,
Motion to Consolidate Appeals, Motion for Continuance
Motion to extend time, And Motion for Rehearing
Against Motion for Direct Verdict Against Sanction
orders that have kept me unlawfully confined
for multiple years Against my illegal And void 39
Year sentence. I need this court help to Give
me the Relief that I could not litigate with
the 5th Circuit Panels in the year of 2007,
And Sanction fees that I would be Granted Relief
when the clerk alleged if I satisfy the Payment
the Case was dismissed for want of Prosecution. Please
contact me on this matter.

1-14-2016
Date

certificate of service

Edward R. Newsome
Appellant signature

The Appellant Edward R. Newsome Writes in this Affidavit that
this Motion to TRANSFER is true and correct under the
Penalty of Perjury.

Edward R. Newsome

District of Columbia

Re: Edward R. Newsome T.D.C #437698

CASE #07-41179

## Amended Motion For leave to File A Motion For Direct Verdict Against Sanction order and fees in leave to Proceed inForma Pauperis without PrePayment of fees

To The Honorable Judge of Said Court:

The Plaintiff Edward R. Newsome Argue and offer into Evidence An Objection Against the 5th Circuit Panel dismissing Habeas Corpus Relief For want of Prosecution on Failure to Pay the Sanction fees was Abuse of discretion And Request to Appeal to A Judicial officer. See Motion to File For A STAY, Motion to File For Reconsideration, Motion to File For extension of time And Motion to File For Rehearing to File Motion For Direct Verdict Against Sanction order And fees Owed under Fed.R.Civ. P. 37(b)(d) Provide that the district Court may Impose Sanction Against Parties who Fail to Comply with the district Courts discovery order Raising Along the way A Plethora of Objection to the dismissal of the Suit And imposition of Sanction because the district Judge erred in Not Recusing himself. ON Appeal Newsome Argue For the First time this Case Raise A Question under the Clayton Act (the Question is Supposely Raise Is Specified). In Addition, to vilifies the Judges of this Court Requesting that the entire 5th Circuit Recuse themself And send this Action to D.C. Circuit. Dismissal of A Plaintiff lawsuit is A Tool which available to the district

[1]

Court, must be used only with caution, for dismissal is an extreme sanction which is warranted only where a clear record of delay or contumacious conduct by the Plaintiff exists. See Anthony vs Marion County General Hospital 617 F. 2d. 1164, 1167 (5th Cir. 1980 (Quoting Gonzales vs Firestone Tire & Rubber Co. 610 F. 2d. 241 (5th Cir. 1980). In Anthony noted that deliberate, Repeat Refusal to Comply with discovery orders have been held to Justify the use of the Ultimate sanction of dismissal under Rule 37(b), 617 F. 2d. at 1167, N·3 See also Jones vs Louisiana State Bar Ass. A 1002 F. 2d. 94 (5th Cir. 1979), Bona Venture vs Butler 593 F. 2d. 625 (5th Cir 1979). when A district Court Resorts to this, extreme sanction, the inquiry upon Review, is whether the court, Abused its discretion. National Hockey league vs Metropolitan Hockey Club 427 U.S. 639, 96 S. Ct. 2778, 49, L. Ed. 2d. 747 (1976) Anthony at 1167 this Court, in Affirming A district dismissal for want of Prosecution under Fed. R. Civ. P. 41(b) noted that the Plaintiff failure to Respond to court orders was attributable only to himself 627 F. 2d At 682 The order of dismissal coming when it did and After at least 3 warning, was not Abuse of discretion. The district court Also Awarded Attorney fees to All State see 788 F. 2d At 1110 (5th Cir. 1986). The order of dismissal, coming when it did And After At least 3 warning, was not Abuse of discretion. The district court Also Awarded Attorney fees to All State. The final Paragraph to Rule 37(b) Provides in lieu of Any of the foregoing orders in Addition thereto, the court shall Require the Party failing to Obey the order or the Attorney

Advising both to pay the reasonable expenses, including attorney fees, cause by the failure, unless the court finds that the failure was substantial (2 justified or that other circumstances makes an awards of expenses. The documentation was sufficient to permit the district court to assess attorneys fees in accordance with the criteria set forth in *Johnson vs Georgia Highway Express Inc.* 488 F. 2d. 714 5th Cir. (1974). See Also 28 U.S.C.J. 1915(a), Fed. R. App. P. 24(a) Fed. R. Civ. P. 33 and 34, for a protective order in Rule 26 (c) and relief. See *Duhart vs Carlson* 469 F. 2d. 471, 478 (10th Cir. 1972) cert. denied 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed. 2d. 692 (1973). See Also *Chevrette vs Marks* 558 F. Supp. 1133 M.D. Pa. (1983). Imposing costs on I.F.P. Plaintiff is rare, but not unheard of. See *Flint vs Haynes* 651 F. 2d. 970 (4th Cir. 1981) cert. denied 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed. 2d. 306 (1982) affirming taxation of costs against an I.F.P. litigant with a monthly disposable income. See *Toner vs Wilson* 102 F.R.D. 275 M.D. Pa. (1984) (awarding expenses against an I.F.P. Plaintiff for violation of Rule 37. Sanction under Rule 37 serve the dual function of reimbursing the moving party and detering the violator of the discovery order (as well as other potential violators). See *Roadway Express Inc. vs Piper* 447 U.S. 752, 763-64, 100 S.Ct. 2455, 2462-63, 65 L.Ed. 2d. 488 (1980); *Remington Products Inc. vs North American Philips Corp.* 107 F.R.D. 642, 644 D. Conn. 1985), *Toner* 102 F.R.D. At 276 See generally 4A Moore's Federal Practice 37.02 Sanction may be necessary, because dismissal alone will not faze a venomous litigant bent on defaulting the judicial system and committed to employing the legal process as a mean to torment his enemies, as the court observed in

Tower, the deterrent purpose of Rule 37 would not be served by dismissal of this suit alone, 102 F.R.D. At 275 in accordance with Allstates Motion and Supplement Motion for Sanction on Request to Remand case # 07-41179 to the district court so that it may calculate the additional amount of attorney fees as a result of this frivolous appeals, to assess double costs against my persistence in using clearly frivolous appeals to harass good faith litigant see Fed.R.Civ.P. 38 and 28 U.S.C. # 1912 see Hagerty vs Successor of Clement 749 F.2d. 217, 221-23 (5th Cir. 1984) when the effect of which to bar the plaintiff from filing any additional actions without first obtaining leave to do so from this court or the district court see IN Re MARTIN-TRIGONA 737 F.2d. 1254 (2nd Cir. 1984) on request to reverse and remand for relief against violation of my Civil Rights.

11-14-2016
DATE

Edward R. Newsome
Plaintiff Signature

Fed.R.Civ.P. 5(d) certificate of service Fed.R.App.P. 25

Rule 2 Suspension of Rules

The Plaintiff Edward R. Newsome verify the statement made in this Amended Affidavit to file Motion for leave to file Motion for a Direct Verdict against Sanction and contempt orders and fees in leave to proceed informa pauperis without prepayment of fees is true and correct under the penalty of perjury see 28 U.S.C. # 1746 for purpose of Mailbox Rule 4(c) 1, 2, 3(d) for the original and copies of Records in Fed.R.App.P. 4(b), 11(b)(c) and 12(a)(b)(c) for service in Fed.R.App.P. 45(b) and Local Rule 10, 11, 12(a)(b)(c) for benefits and relief. This Motion have been file to the 5th Circuit and Southern District Court in Houston TX.

11-14-2016
DATE

Edward R. Newsome
Plaintiff Signature

[A]